**No. 58888.**—Alex. Murphy & Company and Keer, Maurer Company *v.* United States, protests 192319–K and 206258–K (Philadelphia).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of sheepskin flicks the same in all material respects as those the subject of Abstract 57959, the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, MARCH 31, 1955

**No. 58889.**—General Materials Co. and Schmidt Pritchard & Co., Inc., et al. *v.* United States, protests 234606–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of aluminum alloy rods similar in all material respects to those the subject of *Mohawk Iron & Steel Co.* v. *United States* (30 Cust. Ct. 274, C. D. 1533), the claim of the plaintiffs was sustained.

**No. 58890.**—The Singer Manufacturing Co. *v.* United States, protests 204987–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of sewing-machine heads similar in all material respects to those the subject of *The Singer Manufacturing Co.* v. *United States* (33 Cust. Ct. 60, C. D. 1635), the claim of the plaintiff was sustained.

**No. 58891.**—Rootes Motors, Inc., and Vandegrift Forwarding Co., Inc. *v.* United States, protest 232184–K (New York).

Opinion by LAWRENCE, J.   From an examination of the papers in this case, it appeared that the protest was not filed until 104 days after liquidation. Inasmuch as section 514, Tariff Act of 1930 (19 U. S. C. § 1514), requires that a decision of the collector shall be protested within 60 days after his liquidation of an entry of merchandise, the protest was dismissed as untimely.